COURT OF APPEALS OF VIRGINIA

**PUBLISHED**

Present: Judges AtLee, Athey and Bernhard
Argued by videoconference


REGINA LYNN DICKENSON

v.      Record No. 0819-25-3

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE RICHARD Y. ATLEE, JR.
MARCH 10, 2026

FROM THE CIRCUIT COURT OF HENRY COUNTY
James R. McGarry, Judge

Daniel D. Van Nostrand, Assistant Public Defender (Virginia
Indigent Defense Commission, on brief), for appellant.

Mary E. Talkington, Assistant Attorney General (Jason S. Miyares,[1]
Attorney General, on brief), for appellee.


Regina Dickenson appeals the trial court's order sentencing her to six months' active

time on her probation violation. Dickenson contends that this probation violation was her second

technical violation and that any sentence was limited to the 14-day statutory maximum in Code

§ 19.2-306.1(C). She argues that the trial court misinterpreted Code § 19.2-306.1(A) when it

determined it had authority to sentence her above the statutory maximum. We agree and reverse

the trial court's order.

## I. BACKGROUND

"We 'view the evidence received at [a] revocation hearing in the light most favorable to

the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences

that may properly be drawn from it.'" *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)

(alteration in original) (quoting *Henderson v. Commonwealth*, 285 Va. 318, 329 (2013)).

---

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

In September 2014, the trial court sentenced Dickenson on convictions for grand larceny of a motor vehicle (Case No. CR14-209) and larceny of bank notes (Case No. CR14-210) (collectively, the "2014 convictions"). On each conviction, the court sentenced her to 3 years, with 2 years and 11 months and 15 days suspended. From September 2014 to August 2017, Dickenson violated the terms of her probation four times.

In August 2017, pursuant to a plea agreement, Dickenson pled guilty to a charge of grand larceny of a firearm (Case No. CR16-1503) and a charge of possession of a firearm by a felon within 10 years.[2] Per the terms of the plea agreement, the trial court sentenced Dickenson to 10 years, with the full 10 years suspended.

In June 2022, the trial court again found that Dickenson violated her probation. This violation was Dickenson's fifth technical violation on her 2014 convictions. On the CR14-209 conviction, the trial court revoked its suspension of the time remaining on her sentence, requiring her to serve the full one year remaining. On the CR14-210 conviction, the trial court revoked the remaining 2 years and 10 months, resuspending all but 1 year. This violation constituted a first technical violation on her CR16-1503 conviction. Thus, the trial court revoked and resuspended the full 10 years of her sentence on that conviction.

On March 20, 2025, Dickenson's probation officer filed a major violation report, alleging that she violated Conditions 6 and 8 of her probation. By this point, Dickenson only had time remaining on her CR14-210 and CR16-1503 convictions. Probation submitted a sentencing revocation report indicating both a second technical violation and a third or subsequent technical violation of Conditions 2-11.

---

[2] On the possession of a firearm offense, the trial court sentenced Dickenson to two years. It appears that she fully served her time for this conviction, and it is not at issue on appeal.

The trial court conducted a probation revocation hearing on April 30, 2025. It noted that the parties were present on "the second probation violation for her [CR16-1503] cases, but [a] sixth probation violation for her CR14[-210] cases." During argument, Dickenson asserted that, as to her CR16-1503 conviction, the probation violation was "a second technical, which is capped [with] minimal incarceration she can face off of that," while there was no cap on the time for her CR14-210 conviction.

The trial court, however, disagreed with Dickenson's contention that there was a "cap" on the amount of time it could sentence her to on the CR16-1503 conviction. The court referenced the final sentence in Code § 19.2-306.1(A), which provides that "[m]ultiple technical violations arising from a single course of conduct or a single incident or considered at the same revocation hearing shall not be considered separate technical violations for the purposes of sentencing pursuant to this section." The court interpreted that provision to mean that the parties were present on a sixth technical violation only, rather than both a sixth technical violation and a second technical violation, which meant "there [were] no statutory restrictions on sentencing."[3] It refused Dickenson's request to brief that issue. On the CR14-210 conviction, the court fully revoked the remaining 1 year and 10 months.[4] On the CR16-1503 conviction, it revoked and resuspended all but 6 months. Dickenson objected, reiterating her argument that the trial court was limited to 14 days of active time for a second technical violation on the CR16-1503 conviction. Dickenson now appeals.

---

[3] Code § 19.2-306.1(C) does not have any sentence limitations for third or subsequent technical violations.

[4] Dickenson does not challenge this sentence on appeal.

II. ANALYSIS

Dickenson contends that the trial court erred in its interpretation of Code § 19.2-306.1(A)'s provision dealing with the sentencing of multiple technical violations. As a result, she argues that the court abused its discretion by imposing a term of 6 months' active incarceration on a second technical violation when the statute permits a maximum of 14 days.

A. *Standard of Review*

Generally, revocation of a suspended sentence is within the discretion of the trial court, and its decision will not be reversed absent an abuse of that discretion. *Burford v. Commonwealth*, 78 Va. App. 170, 179 (2023). "While the trial court's discretion is 'quite broad,' it is subject, of course, to any applicable statutory limitations." *Thomas v. Commonwealth*, 77 Va. App. 613, 620 (2023) (internal citation omitted) (quoting *Carroll v. Commonwealth*, 280 Va. 641, 654 (2010)). In determining whether a court abused its discretion, we review issues of statutory interpretation de novo. *Burford*, 78 Va. App. at 179. But we view the underlying evidence "in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable . . . inferences that may properly be drawn from it." *Thomas*, 77 Va. App. at 620 (alteration in original) (quoting *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022)).

B. *Relevant Statutory Framework*

The General Assembly "amended and reenacted" Code § 19.2-306(C), effective July 1, 2021, to "provide that 'if the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of [newly enacted Code] § 19.2-306.1.'" *Cosby v. Commonwealth*, 81 Va. App. 399, 409 (2024) (alteration in original) (quoting *Heart v. Commonwealth*, 75 Va. App. 453, 460 (2022)). "[T]he General Assembly enacted Code

- 4 -

§ 19.2-306.1 to address the range of punishment that a court may impose upon the revocation of a suspended sentence." *Commonwealth v. Delaune*, 302 Va. 644, 655 (2023). Relevant here, Code § 19.2-306.1(C) "places restrictions on the trial court's sentencing options depending on the number of 'technical violations' a defendant has accrued." *Cosby*, 81 Va. App. at 409 (quoting Code § 19.2-306.1(C)); *see also Diaz-Urrutia v. Commonwealth*, 77 Va. App. 182, 190 (2023) (noting that if a probation violation is based on a technical violation "then Code § 19.2-306.1 specifically limits what the court may do").

Under Code § 19.2-306.1(C), "[a] court may not impose a term of active incarceration based on a probationer's first technical violation." *Commonwealth v. Canales*, 304 Va. 200, 211 (2025). For a second technical violation, Code § 19.2-306.1(C) has "a statutory presumption against the imposition of a term of active incarceration." *Id.* "A court may only impose up to 14 days of active incarceration based on a second technical violation 'if the court finds, by a preponderance of the evidence, that the defendant . . . cannot be safely diverted from active incarceration through less restrictive means.'" *Id.* at 211-12 (alteration in original) (quoting Code § 19.2-306.1(C)). "For a third or subsequent violation, the court is not limited in what active sentence it may impose." *Diaz-Urrutia*, 77 Va. App. at 190.

In addition to these limits, Code § 19.2-306.1(A) further limits a court's discretion by providing that "[m]ultiple technical violations arising from a single course of conduct or a single incident or considered at the same revocation hearing shall not be considered separate technical violations for the purposes of sentencing pursuant to this section."

C. *Dickenson's Probation Violations*

There is no dispute that Dickenson's probation violation is a technical violation. That violation, however, was a violation of two separate suspended sentences on two separate convictions—the CR14-210 conviction and the CR16-1503 conviction. Despite the statutory

limits on sentence length for a second technical violation, the trial court interpreted subsection (A) to permit it to treat what would otherwise be a second technical violation on the CR16-1503 conviction as a sixth technical violation on both convictions. Dickenson argues that this misinterprets the statute, and we agree.

When interpreting a statute, an appellate court's "primary objective is 'to ascertain and give effect to legislative intent,' as expressed by the language used in the statute." *Cosby*, 81 Va. App. at 411 (quoting *Haefele v. Commonwealth*, 75 Va. App. 591, 599 (2022)). "We interpret the words in the context of the entire statute because 'it is our duty to interpret the several parts of a statute as a consistent and harmonious whole so as to effectuate the legislative goal.'" *Williams v. Commonwealth*, 84 Va. App. 99, 111 (2025) (en banc) (quoting *Chaffins v. Atl. Coast Pipeline, LLC*, 293 Va. 564, 568 (2017)).

The trial court's interpretation is inconsistent with the plain language of the statute. Subsection (A) permits the trial court to treat "[m]ultiple technical violations" as a single violation for purposes of sentencing. First, in this phrase, "multiple" is used to describe "technical violations." For this provision to apply then, there must be more than one technical violation. And "[m]ultiple technical violations" are only treated as a single technical violation for purposes of sentencing in three situations: (1) they arise "from a single course of conduct," (2) they arise from "a single incident," or (3) they are "considered at the same revocation hearing." Code § 19.2-306.1(A). Each of these requires more than one technical violation.[5]

---

[5] The only case specifically addressing subsection (A) is *Commonwealth v. Canales*, 304 Va. 200 (2025). In *Canales*, the Court concluded that nothing in the multiple technical violation provision required a trial court to "address all pending probation violations in the same revocation hearing." *Canales*, 304 Va. at 213. It also defined "single course of conduct." *Id.* at 213-14. In doing so, it noted that "multiple technical violations of probation arising from a 'single course of conduct' are not treated as separate violations for sentencing purposes—even if the violations are considered in separate revocation hearings." *Id.* at 213. Although not directly on point, the Supreme Court's interpretation of this provision also supports our conclusion that

Second, this "multiple technical violation" provision is placed at the end of subsection (A), where the General Assembly defined and enumerated the types of technical violations. Both the plain language of the provision, and its placement in the statute, suggest that the General Assembly was addressing situations where an individual commits more than one technical violation rather than a situation where a technical violation violates the terms and conditions of two separate suspended sentences stemming from two separate convictions. *See Thomas*, 77 Va. App. at 622.

Furthermore, the trial court's interpretation focuses on an isolated portion of subsection (A) without considering it in the context of the entire statute. *See Heart*, 75 Va. App. at 466 ("Our duty is 'to interpret the several parts of a statute as a consistent and harmonious whole so as to effectuate the legislative goal.'" (quoting *Eberhardt v. Fairfax Cnty. Emps.' Ret. Sys. Bd. of Trs.*, 283 Va. 190, 194-95 (2012))). Subsection (C), which provides the sentencing limitations, specifically references a violation "of the terms and conditions of *a* suspended sentence or probation." Code § 19.2-306.1(C) (emphasis added). Considering subsections (A) and (C) together through this lens demonstrates that the General Assembly intended to consider multiple technical violations relating to a single conviction with a single suspended sentence—not a technical violation relating to separate convictions with separate suspended sentences.

While the plain language of the statute requires a trial court to treat multiple technical violations as a single technical violation in certain circumstances, nothing in the statute's language permits a trial court to treat separate convictions, particularly those occurring years apart, as a single conviction for purposes of counting technical violations. The trial court's interpretation would lead to the absurd situation where a trial court is permitted to punish a

the provision is referring to "multiple" technical violations rather than permitting a court to consider a technical violation as the same violation towards different convictions.

person for probation violations that occurred prior to the conviction for which they are currently on probation. *See Jacobs v. Wilcoxson*, 71 Va. App. 521, 526 (2020) ("[W]hile we look at the words of the statute to determine legislative intent, we will not interpret a statute in a way that leads to unreasonable or absurd results.").

Aside from conflicting with principles of fairness, the trial court's interpretation is also inconsistent with the intent of the statute. Before the enactment of Code § 19.2-306.1, the General Assembly left sentencing for probation revocations almost entirely up to the discretion of the trial court. *See* Code § 19.2-306(C) (2020) (allowing the court to revoke a suspended sentence and then "suspend all or any part of this sentence"). In 2021, however, the General Assembly amended Code § 19.2-306 and enacted Code § 19.2-306.1 to place specific limits on a trial court's discretion and "address the range of punishment that a court may impose upon the revocation of a suspended sentence." *Delaune*, 302 Va. at 655; *see also Matheson v. Commonwealth*, 86 Va. App. 201, 212 (2025) ("Revocation of a suspended sentence is committed to the discretion of the circuit court, but that discretion is circumscribed by statutory limits."); *Thomas*, 77 Va. App. at 620 (noting that a court's discretion is broad but subject to the statutory limits in Code §§ 19.2-306 to -306.1). Thus, the purpose of Code § 19.2-306.1, both by its plain language and as appellate courts have interpreted it, is to provide specific sentencing guidelines in probation revocation cases with the intent of limiting judicial discretion. The trial court's interpretation is in direct contradiction to that purpose.

"When a circuit court imposes a sentence contrary to statute, it commits legal error." *Matheson*, 86 Va. App. at 212. The multiple technical violation provision in Code § 19.2-306.1(A) did not give the trial court the authority to treat a technical violation as the same violation for two separate suspended sentences. The technical violation was the second technical violation relating to the CR16-1503 conviction, and Code § 19.2-306.1(C) limits the active

sentence allowed for a second technical violation to 14 days of active time.  The trial court's

six-month sentence exceeded that statutory limit, and therefore the trial court abused its

discretion.

### III. CONCLUSION

For the foregoing reasons, we agree with Dickenson that the trial court erred.  Code

§ 19.2-306.1(A) did not permit the trial court to sentence Dickenson to six months' active time

on a second technical violation.  The maximum sentence allowed for a second technical violation

is 14 days.  Accordingly, we reverse the trial court, and we remand for sentencing consistent

with this opinion.

*Reversed and remanded.*